# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TYRONE MURRAY,

    Plaintiff,

v.                                                       Case No. 3:18-cv-1365-J-32JBT

OFFICER W. COLLINS,
et al.,

    Defendants.

## ORDER

Before the Court is Petitioner's "Motion to Direct the Clerk to Make Appropriate Copies/Motion for a Preliminary Injunction Order." See Doc. 15. Petitioner requests that this Court issue an order directing the Clerk make service copies of his Second Amended Complaint. He further requests that this Court entered an injunction against the Florida Department of Corrections ordering that FDOC transfer him to an "appropriate close management" facility. As to Petitioner's request for an injunction, a [temporary restraining order (TRO)] or preliminary injunction is appropriate where the movant demonstrates that:

    (a) there is a substantial likelihood of success on the merits;

    (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).]

> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
>
> (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (citation and footnote omitted); see Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). Such injunctive relief "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [his] burden of persuasion on each of these prerequisites." GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 788 F.3d 1318, 1322 (11th Cir. 2015) (quotations and citation omitted).

Petitioner has failed to meet his burden of persuasion as to the four prerequisites for injunctive relief. As such, he is not entitled to the relief he requests. Further, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State[.]" Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (footnote omitted); see Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum v. Fano, 427 U.S. 215 (1976)) (stating "inmates usually possess no constitutional right to be housed at one prison over another"). Thus, the Court lacks the authority to enter an order directing the FDOC to place Petitioner in a specific facility. Further, because the Court, by separate Order, is dismissing Petitioner's Second Amended Complaint without prejudice, Petitioner's request for service copies is moot.

**ORDERED** that Petitioner's "Motion to Direct the Clerk to Make Appropriate Copies/Motion for a Preliminary Injunction Order" (Doc. 15) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2019.

*[Signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Tyrone Murray, #634405