**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TYRONE MURRAY,

    Plaintiff,

v.                                                           Case No. 3:18-cv-1365-J-32JBT

OFFICER W. COLLINS,
et al.,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Tyrone Murray, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Because his allegations were insufficient and he raised several unrelated claims in one pleading, the Court directed Plaintiff to file an amended complaint. See Doc. 9. The Court advised Plaintiff that he must include all allegations and claims that he wishes to raise in his amended complaint. Id.; see also Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982) (an amended complaint supersedes the original complaint). On December 13, 2018, Plaintiff filed an Amended Complaint. See Doc. 11. However, six days later, on December 19, 2018, Plaintiff filed a Second Amended Complaint essentially realleging the same allegations as those that this Court found to be insufficient in his initial Complaint. See Doc. 14. Plaintiff is currently proceeding on his Second Amended Complaint, and for the reasons below, the Court finds his allegations are due to be dismissed.

In his Second Amended Complaint, Plaintiff names the following individuals as Defendants: Officer W. Collins; Assistant Warden P. Allen; Major R. Hester; Captain M. Kelly; Lieutenant D. Phillips; Sergeant C. Roebuck; Captain T. Sanders; Sergeant J. Kramer; Sergeant B. Turner; and Prison Official B. Anderson. See Doc. 14. Plaintiff raises three claims for relief, and requests nominal damages, actual damages, and injunctive and declaratory relief. Id. at 6-10. He further requests that this Court order the Florida Department of Corrections to transfer him to an out-of-state prison. Id. at 10.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims

2

'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as

3

facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

In Claim One, Plaintiff alleges the following:

> Assistant Warden P. Allen, Major R. Hester, Lt. D. Phillips, Sergeant C. Roebuck, Sergeant B. Turner and Officer W. Collins failed to take reasonable measures to guarantee my safety even after I explained to them that my life was in jeopardy. They all have failed to provide me with the proper protection that I seek thereby acting with deliberate indifference in regards to my safety and well being. By ignoring my protection needs they have subjected me to a life threatening situation and place my well being in danger.

Doc. 14 at 8. Plaintiff contends that "prison officials" and "gang members" began conspiring against Plaintiff on the day he was transferred to Taylor Correctional Institution.[1] Id. at 6. Plaintiff maintains that the conspiracy is ongoing and has been "following [Plaintiff] by air waves" to his current location. Id. Plaintiff avers his current claim is premised upon events that occurred after he arrived at Columbia Correctional Institution. Id. According to Plaintiff, upon arrival, prison officials threatened him and "gang members was plotting to kill and/or seriously hurt [him] on behalf of prison officials." Id. Plaintiff claims that on August 14, 2018, he reported a "psychological/mental health emergency" and was moved into a shower cell awaiting his housing assignment. Id. at 6. While in the shower cell, Plaintiff claims he stopped

---

[1] Taylor Correctional Institution is located within the Northern District of Florida.

4

and alerted Assistant Warden P. Allen and Major Hester about his protection needs, but they failed to do anything. Id. at 6-7. Plaintiff alleges that when he attempted to inform Sergeant C. Roebuck and Lt. D. Phillips about his protection needs, they threatened to use force if Plaintiff did not return to "PM Dorm." Id. at 7. When Plaintiff refused to go back to "PM Dorm," Plaintiff claims that Sergeant C. Roebuck and Lt. D. Phillips placed Plaintiff "under A7(Pending Disciplinary (DR)) status" instead of "pending protection." Id. at 7-8. According to Plaintiff, this improper designation allowed Officer W. Collins to ask another inmate to forge Plaintiff's signature on the "PM sign out waiver form," so prison officials could place Plaintiff back into general population. Id. at 8. Plaintiff claims that he then notified Sergeant B. Turner of the error and that Sergeant B. Turner refused to help him. Id. at 8.

Read liberally, Plaintiff appears to claim that Assistant Warden P. Allen, Major R. Hester, Lt. D. Phillips, Sergeant C. Roebuck, Sergeant B. Turner, and Officer W. Collins are violating Plaintiff's Eighth Amendment rights because they know about a conspiracy between unnamed "prison officials" and "gang/non-gang members" to kill or seriously harm Plaintiff, but they refuse to take any actions to protect Plaintiff.

"The Eighth Amendment 'imposes [a] duty on [prison] officials' to 'take reasonable measures to guarantee the safety of the inmates.'" De Veloz v. Miami-Dade Cty., No. 17-13059, 2018 WL 6131780, at *6 (11th Cir. Nov. 21, 2018) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). The Eighth Amendment is violated "'only when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk.'" Id. (quoting Bowen v. Warden

5

Baldwin State Prison, 826 F.3d 1312, 1320 (11th Cir. 2016)). Specifically, to state an Eighth Amendment claim of deliberate indifference, Plaintiff must allege facts sufficient to show (1) that he is subjected to a "substantial risk of serious harm," (2) Defendants are deliberately indifferent to that risk, and (3) causation. Purcell ex. rel. Estate of Morgan v. Toombs Cty., 400 F.3d 1313, 1319 (11th Cir. 2005).

Plaintiff's alleged risk of serious harm involves a conspiracy that is affecting the safety of the prison, and thus, Plaintiff must allege that the "conditions of confinement" are sufficiently serious to violate the Eighth Amendment. See De Veloz, 2018 WL 6131780, at *6. Although, "an inmate need not await a tragic event before seeking relief, he must at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health and safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

Based on a review of the Second Amended Complaint, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's alleged conspiracy does not amount to an unreasonable risk of serious damage to his future safety. Indeed, Plaintiff has done no more than generally aver the existence of a conspiracy that transpired prior to his transfer to Columbia Correctional Institution and followed him "by air waves" thereafter. Plaintiff does not specifically identify the individuals involved in the conspiracy or that these individuals reached an agreement to deny Plaintiff his constitutional rights. Plaintiff also does not contend that this alleged conspiracy, in fact, violated his constitutional rights. See Burge v. Ferguson, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (holding to properly state a claim for

6

conspiracy under § 1983, a plaintiff must allege, with specificity, that the defendants reached an agreement to deny the plaintiff his constitutional rights, and that defendants did, in fact, violate plaintiff's constitutional rights); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984) (A court may properly dismiss a conspiracy claim if it includes only conclusory allegations and does not contain specific facts to inform the defendant "of the nature of the conspiracy alleged."); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) ("A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an understanding' to violate the plaintiff's constitutional rights."); Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement, which presupposes communication.").

Moreover, threatening comments do not rise to the level of a constitutional violation. See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (recognizing that "mere threatening language and gestures of a custodial office do not, even if true, amount to constitutional violations"); Barfield v. Hetzel, No. 2:11-cv-1114-WHA, 2015 WL 758490, at *4 (M.D. Ala. Feb. 23, 2015) (unpublished) ("Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation."); Russell v. Walton Cty. Sheriff's Dep't, No. 3:11-cv-5-CAR, 2011 WL 794146, at *3 (M.D. Ga. Mar. 1, 2011) (unpublished) ("Threats, cursing, name-calling, and verbal abuse, while unprofessional and reprehensible, do not amount to the violation of a federal constitutional right."); Pete's Towing Co. v. City of Tampa, Fla., 648 F. Supp. 2d 1276,

7

1287 (M.D. Fla. 2009) (citation omitted) ("[V]erbal threats and harassment are generally not actionable under § 1983."). Claim One is dismissed.

In Claim Two, Plaintiff asserts that Sergeant J. Kramer, Captain T. Sanders, and Prison Official B. Anderson violated his First Amendment rights. Specifically, Plaintiff alleges:

> On 9/17/2018, I sent a grievance in the letter form to the Inspector General's Office complaining about this entire situation. The Inspector General's Office received my grievance . . . on 9/24/18. On 10/28/18, audio [and] video . . . will show Sgt. J. Kramer approach my cell and threaten me with a DR if I didn't accept a cellmate instead of complying with proper protocol before placing two inmates in the same cell. I refused to accept the cellmate because of the totality of my overall situation due to the fact that I'm in fear for my life, yet, prison officials have failed to take reasonable measures to guarantee my safety. Sgt. Kramer wrote me a DR for disobeying order in which Capt. T. Sanders signed off on and approved of. This was retaliation because of the complaint I sent to the Inspector General's Office in which both subjects were included in. Further, the mailroom prison official Ms. B. Anderson is tampering with my incoming [and] outgoing mail and legal mail. This started a while ago but it's gotten worser ever since I filed my current 1983 complaint.

Doc. 14 at 9.

The First Amendment right to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance or a lawsuit concerning the conditions of his imprisonment. Moulds v. Bullard, 345 F. App'x 387, 393 (11th Cir. 2009) (per curiam) (citation omitted); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008); see also Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005) (adopting the standard that "[a] plaintiff suffers adverse action

8

if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights"). Simply put, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) (per curiam).

"The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam) (citation omitted). Three elements are involved in a retaliation claim:

> 1) the inmate's speech was constitutionally protected; 2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and 3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance].

Mosley, 532 F.3d at 1276.

In order to establish the third prong, a plaintiff is required to do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600 (1998) (citations omitted). "In other words, the prisoner must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit." Jemison v. Wise, 386 F. App'x 961, 965 (11th Cir. 2010) (per curiam) (citation omitted) (finding the district court erred by dismissing a complaint alleging retaliation with prejudice, "regardless of whether the retaliation claim ultimately [would] ha[ve] merit").

9

To establish subjective intent, a prisoner must provide more than conclusory assertions, possibly through a chronology of events that can be used to infer retaliatory intent. Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (per curiam) (finding conclusory allegations insufficient but officer's temporal reaction to a grievance and circumstantial evidence sufficient to state a claim). However, because prison officials' actions are presumed reasonable, an inmate must produce evidence to support "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury." Crawford-El, 523 U.S. at 598.

Even assuming arguendo that Plaintiff has sufficiently alleged the first two prongs of the three-prong test as it pertains to Sergeant J. Kramer, Plaintiff fails to allege a causal connection between his September 17, 2018, grievance and the October 28, 2018, disciplinary report. Indeed, Plaintiff explains that "Sgt. J. Kramer wrote me a DR for disobeying [an] order," i.e. refusing to accept a cellmate. Doc. 14 at 9. In turn, Plaintiff states he refused to accept the cellmate because "of the totality of [his] overall situation . . . prison officials have failed to take reasonable measures to guarantee [his] safety." Id. Likewise, Plaintiff claims that the September 17, 2018, grievance detailed the "entire situation," clearly inferring that the grievance set forth this alleged conspiracy underlying Plaintiff's Second Amended Complaint. Id. While Plaintiff claims that Sergeant J. Kramer was "included in" the September 17, 2018, grievance, this conclusory statement alone does not draw a sufficient connection between Sergeant J. Kramer's decision to issue the disciplinary report and the nature of the allegations that Plaintiff included in the subject grievance. Therefore, the Court finds

that Plaintiff fails to allege that Sergeant J. Kramer's actions were based on a retaliatory motive instead of legitimate actions taken pursuant to an institutional policy.

Plaintiff also fails to sufficiently allege that Captain T. Sanders' "approval" of the disciplinary report was retaliatory. The causal connection between the grievance and Captain T. Sanders' actions is insufficient. Further, Plaintiff does not allege that Captain T. Sanders is responsible for ordering disciplinary reports or that he had any control over Sergeant J. Kramer's ability to issue a disciplinary report.

Finally, as to Prison Official B. Anderson, Plaintiff wholly fails to allege that Prison Official B. Anderson's alleged mail tampering is retaliation for the September 17, 2018, grievance or otherwise. As such, Claim Two is dismissed.

In Claim Three, Plaintiff alleges that Captain M. Kelly violated his Fourteenth Amendment rights by depriving him of his personal property. Doc. 14 at 9. It is well-settled that the Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property as long as the State provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). Plaintiff has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion

of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)). Moreover, any assertion that Captain M Kelly was negligent when he failed to ensure that Plaintiff's property was replaced or returned does not rise to the level of a Fourteenth Amendment violation. See Maddox v. Stephens, 727 F.3d 1109, 1119 (11th Cir. 2013) (stating mere negligence does not rise to the level of a substantive due process violation). This Claim is dismissed.

It is, therefore, **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

c: Tyrone Murray, #634405